**LINNTON PLYWOOD ASSOCIATION,**
an Oregon cooperative corporation,
Plaintiff,

v.

**The UNITED STATES of America,**
Defendant.

Civ. No. 62–357.

United States District Court
D. Oregon.

Oct. 30, 1964.

Tooze, Powers, Kerr, Tooze & Morrell, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Donal D. Sullivan, Asst. U. S. Atty., Portland, Or., Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Jerome Fink, Gary P. Smith and Bruce Coppe, Attys., Dept. of Justice, Washington, D. C., for defendant.

SOLOMON, Chief Judge.

Plaintiff, Linnton Plywood Association, filed this action for a refund of $299,968.52 in federal income taxes and interest for the tax years ending March 31, 1958, and March 31, 1959, which it asserts was erroneously paid.

Ever since its organization in 1951, plaintiff has operated as a nonprofit workers' cooperative association under Oregon law, presently the Oregon Cooperative Corporation Act. [ORS chapter 62]. The ownership of common stock is a condition for membership, and each

of the 193 members in the cooperative owned one share of stock. Each member is entitled to one vote. Every member of the cooperative is entitled to work in the cooperative's plywood manufacturing plant in Portland, Oregon, and membership is conditioned on so working.

The cooperative not only produces but also markets plywood and plywood by-products. In accordance with its by-laws the cooperative allocates and distributes the net proceeds among the members in the proportion that the time worked by each member bears to the total time worked by all members. Such allocation is at an equal and uniform rate regardless of the type of work performed, and all members have an equal opportunity to work an equal amount of both straight time and overtime.

The allocation of proceeds consists of bi-monthly cash advances and a distribution, at the end of the year either in cash or credits, of any balance of net proceeds not previously advanced. This controversy concerns the balance of net proceeds which were not distributed, but which were credited to the accounts of the members for the years ending March 31, 1958, and March 31, 1959. In its tax returns plaintiff included these retained patronage dividends as part of its gross income, but now contends that it erred in so doing. Plaintiff admits that it is not an organization exempt from corporation income tax under 1954 I.R.C. § 521, but it asserts that it is entitled to a refund of $299,968.52 because the retained patronage dividends of a non-exempt cooperative are excludable from gross income.

The Government admits that retained patronage dividends are excludable from gross income of non-exempt cooperatives provided they are either purchasing or marketing cooperatives. It insists that the exclusion is not applicable to workers' cooperatives.

■ Workers' cooperatives are among the oldest forms of cooperatives and exist in many countries of the world. Many people regard a worker's cooperative as the basic type of cooperative. The Government concedes that if the members had individually created the plywood products and then brought them to the cooperative for marketing, the cooperative would be entitled to the exclusion, but claims that since the members collectively manufacture the products as well as market them, the cooperative is not entitled to the exclusion. I think that this is an illogical and absurd distinction. In my view, workers' cooperatives are entitled to exclude retained patronage dividends from gross income to the same extent as purchasing or marketing cooperatives.

■ To avail itself of the exclusion, a cooperative must satisfy three requirements. (1) The allocation must be made pursuant to a legal obligation existing when the patron transacted business with the cooperative. (2) The allocation must be made out of profits or income realized from transactions with its patrons. (3) The allocations must have been equitably made. United States v. Mississippi Chemical Co., 326 F.2d 569, 573–574 (5th Cir. 1964); Pomeroy Cooperative Grain Co. v. Commissioner, 288 F.2d 326, 328 (8th Cir. 1961). Plaintiff has met all these requirements.

I therefore find that plaintiff is entitled to a refund of $299,968.52.

The Government's motion for leave to file a counterclaim for additional taxes is denied for the reason that this claim was predicated on the theory that plaintiff, being a workers' cooperative, was not entitled to exclude from its gross income the retained patronage dividends.

In accordance with Rule 52(a), Fed.R. Civ.P., this opinion shall constitute findings of fact and conclusions of law. Either party may submit additional findings and conclusions.

Plaintiff shall present an appropriate judgment.